**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

PATRICIA SUE O'NEILL, Individually,
And as heir to the estate of MICHAEL
SCOTT O'NEILL

CIVIL ACTION

VERSUS

17-479-SDD-RLB

SID J. GAUTREAUX, III, ET AL.

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by

Defendant Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish; Jody McJimsey,

former Warden of the East Baton Rouge Parish Transitional Work Program; Patrick

Cochran, Assistant Warden of the East Baton Rouge Parish Transitional Work Program;

City/Parish Government of East Baton Rouge Parish; and the Louisiana Department of

Corrections.   Plaintiff Patricia Sue O'Neill ("Plaintiff") has filed an *Opposition*[2] to this

motion, to which Defendants filed a *Reply*.[3]   For the reasons set forth below, the

Defendants' motion shall be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the mother and only surviving parent of Michael Scott O'Neill ("O'Neill"),

an inmate assigned to the East Baton Rouge Parish Transitional Work Program in August

2016.[4]  Plaintiff alleges that, while under the custody and care of the Defendants, her son

---

[1] Rec. Doc. No. 63.
[2] Rec. Doc. No. 69.
[3] Rec. Doc. No. 77.
[4] Rec. Doc. No. 1, ¶ 8; Rec. Doc. No. 35, ¶¶ 9, 17.
49397

received inadequate medical care on August 4, 2016, and he died in Our Lady of the Lake Hospital in Baton Rouge, Louisiana on August 20, 2016.[5]

Plaintiff filed this lawsuit advancing constitutional claims under 42 U.S.C. § 1983 and claims under the Americans with Disabilities Act ("ADA"),[6] the Rehabilitation Act ("RA"),[7] and Louisiana state law.[8] Based on information revealed in Plaintiff's deposition, all Defendants have moved for summary judgment on the issue of Plaintiff's capacity to bring this lawsuit on her own behalf and on behalf of her deceased son.

Plaintiff was deposed on July 10, 2018.[9] Plaintiff testified that, during the five or six year marriage of her son to Rhonda Kay O'Neill ("Rhonda"), which ended on April 20, 2000, Rhonda gave birth to a son, Jared Michael O'Neill ("Jared"), on March 4, 1997.[10] Although Jared is not the biological child of O'Neill, and he was later acknowledged by his biological father Kent Willis,[11] O'Neill never filed an action to disavow Jared, and Plaintiff testified that O'Neill did indeed treat Jared as his son during the marriage.[12] Thus, under Louisiana law, Defendants maintain that Plaintiff has no right of action to pursue the claims asserted herein.

## II.   LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no

---

[5] Rec. Doc. No. 35, ¶¶ 17-18.
[6] 42 U.S.C. § 12132.
[7] 29 U.S.C. § 794.
[8] Rec. Doc. No. 35, ¶¶ 2, 8.
[9] Rec. Doc. No. 63-3.
[10] Id. at 2-5 (Deposition of Patricia Sue O'Neill, pp. 12, 18-21); see also Rec. Doc. No. 63-3 at 8 (Judgment of Divorce).
[11] Id. at 9, ¶ 2.
[12] Id. at 6-7 (Deposition of Patricia Sue O'Neill, pp. 28-29).
49397

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[14] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[15] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[16] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[17]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[18] All reasonable factual inferences are drawn in favor of the nonmoving party.[19] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely

---

[13] Fed. R. Civ. P. 56(a).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[15] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[16] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[17] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[19] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
49397

how this evidence supports his claim."[20]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint.""'[21]

### B. Survival/Wrongful Death Actions

"As a threshold matter, any party bringing suit must have standing to do so, and the [United States Court of Appeals for the] Fifth Circuit has instructed district courts to evaluate state law concepts of paternity to establish standing in wrongful death and survivorship actions."[22]  Further, "[s]tanding under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits.  Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988."[23]

Under Louisiana Civil Code Articles 2315.1 and 2315.2, the right of a survival or wrongful death action is afforded to four exclusive categories of survivors.  However, the statutes do not allow for all of the classes of survivors to bring actions.  Rather, the existence of a person qualifying within a higher class precludes a person in a lower class

---

[20] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[21] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).

[22] *Howell v. Hillcorp Energy Co.*, No. 12–0293, 2013 WL 1455758, *3 (E.D. La. 2013).

[23] *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004)(citations omitted).  Louisiana law on survival actions applies to Plaintiff's ADA and RA claims as well.  *See Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 161 (5th Cir. 2016) (citing *Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997)) ("We may consider that common law rule in determining who may assert a claim for a minor's compensatory damages under the ADA or Rehabilitation Act, just as other courts have looked to the common law to determine when federal civil rights claims survive the death of the person aggrieved.").

49397

from filing suit.[24] The primary category under both 2315.1 and 2315.2 includes the surviving spouse and/or children of the decedent. Thus, pursuant to Articles 2315.1 and 2315.2, a surviving mother or father may only recover in the event that the decedent was not survived by a spouse or child.[25] As made clear by the Louisiana Supreme Court, "[w]hen a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death."[26]

Plaintiff opposes Defendants' motion on essentially two grounds. First, she contends Defendants have waived their right to challenge procedural capacity by failing to assert it timely pursuant to Louisiana Code of Civil Procedure articles 926A(6) and 928. Second, Plaintiff maintains that the presumption of Jared's paternity has been rebutted based on evidence showing that O'Neill was not the biological father of Jared and the fact that Jared has legally renounced the succession of O'Neill, leaving Plaintiff as O'Neill's sole heir. Accordingly, Plaintiff argues she is the proper party to bring this suit. The Court will address these arguments in turn.

1. Waiver of Capacity Challenge

As set forth above, Plaintiff must establish that she has standing to bring this suit. Standing is a jurisdictional requirement that cannot be waived. Nevertheless, Rule 9 of the Federal Rules of Civil Procedure[27] states that a party seeking to challenge capacity

---

[24] *See Kumasi v. Cochran*, No. 2015 WL 4429192 at *3 (M.D. La. July 17, 2015).
[25] *Id.*
[26] *Jenkins v. Mangano Corp.*, 2000-0790 (La. 11/28/00), 774 So. 2d 101, 105. *See also, Melancon v. Louisiana*, No. 11-1794, 2013 WL 1288702, at *2 (W.D. La. Mar. 26, 2013) (holding that the decedent's mother had no standing to pursue her claims because he had children).
[27] The Court notes that this matter is governed by the Federal Rules of Civil Procedure, not the Louisiana Code of Civil Procedure.
49397

"must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge."[28] If a defendant fails to plead that a plaintiff lacks capacity in a timely manner, the objection is waived and the defense is lost.[29] However, although capacity to sue may be waived if not pled in a timely manner, the United States Court of Appeals for the Fifth Circuit holds that a challenge to capacity is untimely when it is raised *during or after trial.*[30] Clearly, Defendants have not waived their right to challenge Plaintiff's legal capacity to file this lawsuit based on the procedural posture of this case.

      2. Disavowal/Renunciation

Plaintiff's substantive arguments regarding her capacity to bring suit are likewise without merit. Tellingly, Plaintiff failed to distinguish or even address the law and jurisprudence cited by Defendants and also failed to offer any legal authority or jurisprudence in support of her position.

Plaintiff cites the Louisiana Civil Code articles that set forth that "[t]he husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage;"[31] and "[t]he husband may disavow paternity of the child by clear and convincing evidence that he is not the father. The testimony of the husband shall be corroborated by other evidence."[32] However, there is no evidence that O'Neill ever disavowed Jared. Plaintiff submits a custody and visitation stipulation[33] between O'Neill and Rhonda, and she ostensibly argues that,

---

[28] Fed.R.Civ.P. 9(a)(2).
[29] *Lang v. Tex. & Pac. R.R. Co.*, 624 F.2d 1275, 1277 (5th Cir.1980).
[30] *Henderson v. Turner*, No. 11-39, 2012 WL 3109482 at *2 (M.D. La. July 31, 2012)(citing *Lang v. Tex. & Pac. R.R. Co.*, 624 F.2d 1275, 1277 (5th Cir.1980))(emphasis added).
[31] La. C. C. art. 185.
[32] La. C. C. art. 187.
[33] *See* Rec. Doc. No. 63-3 at 19.
49397

because O'Neill waived visitation with Jared and Rhonda waived child support from O'Neill, the presumption of Jared's paternity has been rebutted. Plaintiff also relies on the Acknowledgment of Paternity[34] by Jared's biological father Kent Willis and the renunciation[35] of O'Neill's estate by Jared. Yet, neither of these documents reflect O'Neill's disavowal of Jared under Louisiana law.

The cases upon which Defendants rely directly contradict Plaintiff's arguments. In *Demery v. Housing Authority of New Orleans*, the Louisiana Fourth Circuit Court of Appeal held that, "[i]f a timely disavowal action is not brought, the presumption is irrebuttable by the husband."[36] Further, "[t]o contest the presumption of legitimacy of children born during marriage, the husband must timely institute his personal action to disavow paternity. … No one except the husband can file an action to disavow and no fact, rebutting the presumption of legitimacy of children born during marriage, can be considered unless an action to disavow has been timely filed."[37] It is undisputed that no such action was ever filed by O'Neill.

Jurisprudence also forecloses the argument that Kent Willis' acknowledgment of Jared as his biological child would operate as a disavowal by O'Neill. In *Modisette v. Phillips*, an ex-wife filed a petition to declare her boyfriend, rather than her ex-husband, the father of her child who was born three months after the couple's divorce.[38] The court rejected the ex-husband's untimely attempt to disavow the child, holding:

---

[34] *See* Rec. Doc. No. 69-3. This document is indecipherable, but the Court will accept for the purposes of this motion that it is what Plaintiff represents to the Court.
[35] Rec. Doc. No. 63-3 at 20.
[36] 96-1024 (La. App. 4 Cir. 2/12/97), 689 So.2d 659, 666 (citing *Smith v. Dison*, 95–0198 (La.App. 4th Cir. 9/28/95), 662 So.2d 90, 93).
[37] *Leger v. Leger*, 2002-428 (La. App. 3 Cir. 10/30/02), 829 So.2d 1101, 1104 (internal citations omitted).
[38] 31,905 (La.App. 2 Cir. 5/5/99), 736 So.2d 983.
49397

> The legal tie of paternity will not be affected by subsequent proof of the child's actual biological tie. *Smith v. Cole*, 553 So.2d 847 (La.1989). As stated in *Smith v. Smith*, *supra*, while La. C.C. art. 186 might have provided the defendant with a presumption in the event he filed a timely action to disavow, it did not dispense with or exempt him from filing such an action, should he wish to avoid the responsibilities attending paternity. *If the presumed father fails to bring a timely disavowal action, disavowal is barred by prescription, and the presumption of paternity is irrebuttable. State v. Walker*, 97–0330 (La.10/21/97), 700 So.2d 496. In the case *sub judice*, Mr. Smith failed to file a timely disavowal action and he is, therefore, the legal father of the child. Furthermore, *the fact that Mr. Phillips has been proven to be the child's biological father does not affect Mr. Smith's status*.[39]

There is no evidence in the record before the Court that O'Neill ever instituted an action, timely or otherwise, to disavow Jared. Accordingly, the presumption of Jared's paternity is irrebuttable as a matter of Louisiana law.

Plaintiff's reliance on the renunciation is also unavailing. While it is true that Jared renounced any inheritance rights in and to the succession of O'Neill,[40] such an act does not elevate Plaintiff into a higher beneficiary class for purposes of Louisiana Civil Code articles 2315.1 or 2315.2. The Louisiana First Circuit Court of Appeal has repeatedly held:

> [T]he wrongful death and survival actions are considered *sui generis* and thus are not subject to the law of marriage, of parent and child, of inheritance, nor required to conform to civil law concepts. Neither the survival action nor the wrongful death action provide[s] rights that are transmitted from the tort victim to the victim's heirs in an inheritance sense. These rights do not pass through the victim's succession. Rather, these rights are granted by special statute to specified survivors in order of exclusionary preference, and in the absence of any of the specified survivors, the rights are not transmitted to any other persons.[41]

---

[39] *Id.* at 987 (emphasis added).

[40] *See* Act of Renunciation, Rec. Doc. No. 63-3 at 20.

[41] *Juneau v. State, Dept. of Health and Hosp.*, 2015-1382 (La. App. 1 Cir. 7/7/16), 197 So.3d 398, 403, *writ denied*, 2016-1490 (La. 11/15/16), 209 So.3d 781 (quoting *Estate of Burch v. Hancock Holding Co.*, 2009–1839 (La.App. 1 Cir. 5/7/10), 39 So.3d 746 (citations omitted))).

49397

Louisiana courts have also cited to analysis by noted legal commentator Warren L. Mengis:

> The provisions of Article 2315.1 point to the conclusion that the legislature intended for the survival action to be "self-contained" and unaffected by the succession distribution laws. The cases involving this situation clearly hold that a right of action does not pass through a victim's succession to be transmitted to his heirs as an inheritance. Instead, the cause of action devolves exclusively upon the specially designated classes of beneficiaries or survivors set forth in Article 2315.1.[42]

In *Craig v. Scandia, Inc.,*[43] the Louisiana Second Circuit Court of Appeal rejected the very argument Plaintiff advances herein. In *Craig*, the parents of the decedent filed a wrongful death and survival action although their deceased daughter was survived by her estranged husband.[44] At the time of her death, the decedent and her husband were legally separated, but their divorce was not final.[45] The plaintiffs argued that, because the husband had renounced his rights under Article 2315, they should be allowed to proceed.[46] The court rejected this argument, holding:

> [T]here is no language in the article that permits a member of a secondary class to file a wrongful death or survival action when a beneficiary of a primary class declines to exercise his or her right to institute suit. Article 2315 must be strictly construed. The rights granted by Article 2315 are granted by special statute to specified survivors in order of exclusionary preference. *Collins v. Becnel*, 297 So.2d 506 (La.App. 4th Cir.1974). Since that article does not specifically authorize a secondary class of beneficiaries to proceed if a beneficiary of a primary class renounces his or her rights, we decline to adopt appellants' argument. Thus, the parents are excluded as beneficiaries under Article 2315 because their daughter left a surviving spouse.[47]

---

[42] *Id.* (quoting Warren L. Mengis, *The Article 2315.1 Survival Action: A Probate or Non–Probate Item*, 61 La. L. Rev. 417, 422 (2001)(footnotes omitted)).
[43] 634 So.2d 944 (La. App. 2 Cir. 1994), *writ denied*, 94-1119 (La. 6/24/94), 640 So.2d 1349.
[44] *Id.* at 945.
[45] *Id.*
[46] *Id.* at 946.
[47] *Id.*
49397

These legal principles apply with equal force to the present case. Based on the above, Plaintiff lacks legal capacity and standing to pursue claims relating to O'Neill's death as a matter of law. Plaintiff has failed to submit competent summary judgment evidence that O'Neill ever instituted an action to disavow Jared as required by Louisiana law; as such, despite his renunciation, Jared remains the only person with the legal capacity to bring the claims asserted herein. The Court is mindful of the harsh result in this matter; however, the Court finds no legal authority under which Plaintiff may proceed. Accordingly, Defendants are entitled to summary judgment.

## III.   CONCLUSION

For the reasons set forth above, the Court finds that there are no genuine issues of material fact that preclude summary judgment, and Defendants' *Motion for Summary Judgment*[48] is GRANTED. All other pending motions are DENIED as moot.

*Judgment* shall be entered accordingly.[49]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 20, 2018.


_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. No. 63.
[49] Ordinarily, the Court would defer entry of *Judgment* for thirty days to allow for substitution of parties, but that does not appear necessary in this case.
49397